IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AS SABUR MALIK KHAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF PUBLIC WELFARE, et al. | : | NO. 12-4289 |
| | : | |

FILED
AUG - 7 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

TUCKER, J.                                          AUGUST 6 , 2012

Plaintiff As Sabur Malik Khan filed this pro se civil action against the Department of Public Welfare, FAFSA, the United States Marshal, the United States Postal Service, the Community College of Philadelphia, Judge Michael M. Baylson, and the United States District Court for the Eastern District of Pennsylvania. Plaintiff seeks to proceed in forma pauperis. For the following reasons, the Court will grant him leave to proceed in forma pauperis and dismiss his complaint without prejudice to his filing an amended complaint.

I.   FACTS

According to the complaint, plaintiff was shot in 2000 and has since "been (fighting) for life and (peace) in North America." However, the complaint reflects that the events giving rise to plaintiff's claims occurred in 2005. Plaintiff asserts that he was denied welfare, social security, victims protection, and "education on the college level (financial aid)." He also claims that he was "[l]eft for dead by the Police Department, Made fun of by the U.S. Marshal at the Court House[,]" and that postal workers are reading his mail.

1

Additionally, he is dissatisfied with the fact that Judge Baylson of the United States District Court for the Eastern District of Pennsylvania denied motions to proceed in forma pauperis that plaintiff filed in certain cases.

Plaintiff also generally alleges that he has been "treat[ed] like a slave, subhuman, animal, refuge, native, chattel, bond, property, serfdom, [and] prisoner." Finally, he asserts that he wants to be treated fairly and equally "in life." As far as relief is concerned, plaintiff seeks to "stop discriminalition, [sic] to go to Court and [go] forward with life."

## II.   STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed in forma pauperis. Although plaintiff's in forma pauperis motion is deficient because it fails to inform the Court how plaintiff is supporting himself financially, the complaint reflects that plaintiff is being wholly supported by his family members. Accordingly, rather than require plaintiff to file an amended in forma pauperis application, the Court will grant him leave to proceed in forma pauperis because it is apparent that he cannot pay the filing fee.

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to

dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  As plaintiff is proceeding pro se, the Court must construe his allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).  However, even a pro se plaintiff must recite more than "labels and conclusions" to state a claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 429-30 (3d Cir. 2011) (per curiam).  Furthermore, if an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002);

## III. DISCUSSION

The Court will dismiss plaintiff's complaint because it is deficient in several respects.  First, plaintiff's general allegations that he was treated unfairly and that he was denied benefits he believed he should have received – which make up the majority of his complaint – are insufficient on their own to state a claim for relief.  If he seeks to advance a claim based on allegedly unfair treatment, he must articulate facts that entitle him to relief instead of resting his claims on unsupported conclusory statements.  Second, plaintiff's claims

against Judge Baylson, which are based on the Judge's denial of plaintiff's motions for leave to proceed in forma pauperis, are barred by the doctrine of absolute judicial immunity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under [42 U.S.C. §] 1983 for monetary damages arising from their judicial acts."); see also Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). Third, plaintiff may not sue a federal court, which is part of the federal government, because he has not shown that there has been a valid waiver of sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Fourth, the fact that an unidentified Marshal "made fun" of plaintiff does not give rise to a cause of action.

Plaintiff's allegation that employees of the United States Postal Service are reading his mail appears to give rise to a claim under the Federal Tort Claims Act (FTCA), which partially waives the United States's sovereign immunity to allow suits against the United Sates for torts committed by its employees in the scope of their employment.[1] See 28 U.S.C. § 1346(b); 39 U.S.C. § 409; Vernars v. Young, 539 F.2d 966, 968-69 (3d Cir. 1976) (upholding invasion of privacy claim under Pennsylvania law when corporate officer opened and read personal mail addressed to

---

[1]Although certain torts have been excluded from the FTCA's waiver of immunity, invasion of privacy is not one of them. See 28 U.S.C. § 2680(h); Raz v. United States, 343 F.3d 945, 947-48 (8th Cir. 2003).

fellow employee); <u>Tagouma v. Investigative Consultant Servs.,</u>
<u>Inc.</u>, 4 A.3d 170, 174 (Pa. Super. Ct. 2010) (indicating that
Pennsylvania Supreme Court has relied on § 652B of the
Restatement (Second) of Torts in analyzing intrusion upon
seclusion claims). However, plaintiff's simple assertion that
his mail "has been open[ed] by Postal workers" does not provide
enough specificity to allow the defendants to respond to this
allegation. Furthermore, it appears from the face of the
complaint that this claim is time-barred. A civil action against
the United States must be commenced "within six years after the
right of action first accrues." 28 U.S.C. § 2401(a). As the
complaint alleges that the events underlying plaintiff's claims
all took place in 2005, and as he did not file this action until
2012, the six-year statute of limitations has expired.[2] <u>See</u>
<u>Fleming v. U.S. Veterans Admin.</u>, 468 F. App'x 95, 95 (3d Cir.
2012) (per curiam).

IV.   **CONCLUSION**

       For the foregoing reasons, the Court will dismiss
plaintiff's complaint. As a district court should ordinarily
allow a pro se plaintiff to amend his complaint, unless amendment
would be inequitable or futile, <u>see Grayson v. Mayview State</u>

---

       [2]The Court also notes that a plaintiff who seeks to advance
tort claims against the United States must present his claim in
writing to the appropriate Federal agency within two years after
his claim accrues or the claim is "forever barred." 28 U.S.C. §
2401(b). It is not clear from the complaint whether the
plaintiff ever presented his claim to the United States Postal
Service.

Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002), plaintiff will be given leave to file an amended complaint in the event he can cure any of the above deficiencies.   An appropriate order follows.