```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AS SABUR MALIK KHAN              :    CIVIL ACTION
                                 :
          v.                     :
                                 :
DEPARTMENT OF PUBLIC WELFARE,    :    NO. 12-4289
et al.                           :
```

MEMORANDUM

TUCKER, J.                                    SEPTEMBER    , 2012

Plaintiff As Sabur Malik Khan filed this pro se civil action against several defendants who allegedly treated him unfairly in several respects. In an August 7, 2012 memorandum and order, the Court granted plaintiff leave to proceed in forma pauperis and dismissed his complaint without prejudice to his filing an amended complaint, which he did. For the following reasons, the Court will dismiss the amended complaint.

I.   FACTS

The amended complaint names as defendants "US Marshal," the Department of Public Welfare, FAFSA, the Community College of Philadelphia, and the United States District Court for the Eastern District of Pennsylvania. Plaintiff asserts the following facts:

> I had appointment with a case worker gave letter to
> case worker from father[.]  was not treat[ed] like a
> and [sic] adult but like slave or child because I had
> to get a letter and didn't care about doctor note that
> I gave to case worker. . . . I been fighting for years,
> survivor.  I have doctor bills to show in court that I
> get no medical from state no therapy for years[.] Live
> in violen[t] area of city[.] Do not get help from state
> far as skill or support for my knees, back, anxiety,
> panic, job support, depression, digestion, colon,
> inside neck, schooling[.] no victim rights, abuse,

1

>     cloth[e]s, year off of life, hostile, fear, foots,
>     hands, no sleep, no education.

(Compl. ¶ III.C.) In an attached statement, plaintiff indicates that he is dissatisfied with rulings in cases that he filed in the Eastern District of Pennsylvania and that the U.S. Marshals at the court are not helping him "at all." Additionally, he laments the fact that he did not receive welfare benefits from the Department of Public Welfare, that he did not receive financial aid for school, and that he had "problems" with the Community College of Philadelphia.

## II. STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, the Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, even a pro se plaintiff must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 555 (2007); Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 429-30 (3d Cir. 2011) (per curiam).

### III. DISCUSSION

First, as noted in this Court's prior memorandum, plaintiff may not sue a federal court, which is part of the federal government, because he has not shown that there has been a valid waiver of sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Furthermore, the Pennsylvania Department of Public Welfare is entitled to Eleventh Amendment immunity from plaintiff's civil rights claims. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (explaining that 42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); Merriweather ex rel. Walker v. City of Phila., Civ. A. No. 07-1005, 2007 WL 1463304, at *4 (E.D. Pa. May 17, 2007) ("Courts in this Circuit have repeatedly held that . . . DPW is an 'arm of the state' for the purposes of the Eleventh Amendment."). However, plaintiff's claims primarily fail because he has not alleged any facts entitling him to relief. The mere fact that plaintiff was treated unfairly or did not receive benefits or aid to which he believes he was entitled does not give rise to a federal lawsuit.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint. Plaintiff will not be given

another opportunity to amend because the Court concludes that further attempts at amendment would be futile. An appropriate order follows.